

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CAPTEC FINANCIAL GROUP, INC., <br> 24 Frank Lloyd Wright Dr. <br> Lobby I, 4th Floor <br> Ann Arbor, Michigan 48106, <br><br> Plaintiff, <br><br> vs. <br><br> BAGGA ENTERPRISES, INC., <br> 121 Dickerson Road, Unit 6 <br> North Wales, Pennsylvania 19454, <br><br> JAMUNA REAL ESTATE, LLC, <br> 121 Dickerson Road, Unit 6 <br> North Wales, Pennsylvania 19454, <br><br> UNITED MANAGEMENT SERVICES, INC., <br> 121 Dickerson Road, Unit 6 <br> North Wales, Pennsylvania 19454, <br><br> -and- <br><br> WELCOME GROUP, INC. <br> 121 Dickerson Road, Unit 6 <br> North Wales, Pennsylvania 19454, <br><br> Defendants. | Civil Action No. _____ |

## COMPLAINT

Plaintiff, Captec Financial Group, Inc., as servicer and on behalf of Captec Financial Corporation, by and through its undersigned attorneys, files this Complaint against defendants, Bagga Enterprises, Inc., Jamuna Real Estate LLC, United Management Services, Inc., and Welcome Group, Inc., and alleges as follows:

## THE PARTIES

1. Plaintiff Captec Financial Group, Inc. ("Captec Financial Group") is a Michigan corporation with its principal place of business at 24 Frank Lloyd Wright Drive, Lobby L, 4th Floor, Ann Arbor, Michigan.

2. Defendant Bagga Enterprises, Inc. ("Bagga Enterprises"), is a Pennsylvania corporation with its principal place of business at 121 Dickerson Road, Unit 6, North Wales, Pennsylvania.

3. Defendant Jamuna Real Estate, LLC ("Jamuna"), is a Pennsylvania limited liability company with its principal place of business at 121 Dickerson Road, Unit 6, North Wales, Pennsylvania.

4. Defendant United Management Services, Inc. ("United Management"), is a Pennsylvania corporation with its principal place of business at 121 Dickerson Road, Unit 6, North Wales, Pennsylvania.

5. Defendant Welcome Group, Inc. ("Welcome Group"), is a Pennsylvania corporation with its principal place of business at 121 Dickerson Road, Unit 6, North Wales, Pennsylvania.

## AND VENUE

6. Jurisdiction is proper under 28 U.S.C. §1332(a), as this is a civil action between citizens of different states in which the amount in controversy exceeds the sum of $75,000, exclusive of interests and costs.

7. Jurisdiction is proper in the Commonwealth of Pennsylvania as each of the defendants is a citizen of the Commonwealth of Pennsylvania.

8.  Venue is proper in this district under 28 U.S.C. §1391(a) in that the defendants reside in this district, and a substantial part of the acts and occurrences that are the subject of this Complaint occurred within this district.

## COUNT I
### Against Bagga Enterprises, Inc.
### Monetary Damages – The $302,000 Promissory Note

9.  Plaintiff incorporates by reference Paragraphs 1 through 8 of this Complaint as if set forth fully herein.

10. On or about September 19, 2000, Captec Financial Group, loaned $302,000.00 to Bagga Enterprises (the "9561 Loan").

11. In exchange for Captec Financial Group having loaned $302,000.00 to Bagga Enterprises, Bagga Enterprises executed and delivered to Captec Financial Group a promissory note (the "9561 Note") setting forth the terms and conditions governing the loan. A true and correct copy of the 9561 Note is attached hereto as Exhibit "A."

12. Under the 9561 Note, Bagga Enterprises was obligated to pay Captec Financial Group the principal sum of $302,000.00 and interest on outstanding principal at the relevant contract rate.

13. Under the 9561 Note, Bagga Enterprises was obligated to pay Captec Financial Group eighty-four (84) monthly payments of $5073.05, commencing on November 1, 2000, and on the first day of each consecutive month to October 1, 2007, being the Due Date specified in the 9561 Note.

14. Captec Financial Group subsequently transferred the 9561 Note, by allonge, to Captec Financial Corporation.

15. Captec Financial Corporation is the holder of the 9561 Note.

16. Captec Financial Group is the servicer of the 9561 Note, and has the authority to bring this action on behalf of the holder of the Note.

17. Bagga Enterprises made the first five payments on the 9561 Loan, in accordance with its obligations under the 9561 Note.

18. Since making the first five payments, Bagga Enterprises has not made any payment on the 9561 Loan.

19. Bagga Enterprises' failure to make timely payments under the 9561 Loan constituted an Event of Default which, in accordance with the 9561 Note, entitled the holder of the 9561 Note to declare all of the indebtedness immediately due and payable; *i.e.*, to accelerate the loan.

20. Under the terms of the 9561 Note, upon the occurrence of the Event of Default, detailed above, the interest rate on the outstanding principal increased from the Stated Rate (10.38%) to the Default Rate (13.38%).

21. On or about May 14, 2001, Captec Financial Group, as servicer of the Loan, issued a default letter to Bagga Enterprises, advising Bagga Enterprises that its failure to make timely payments under the 9561 Loan constituted an Event of Default under the 9561 Note.

22. Bagga Enterprises is obligated under the 9561 Note, to pay the holder of the 9561 Note interest retroactively at the default rate from the date of the first default under the 9561 Note. The earliest default of which plaintiff is aware occurred no later than April 1, 2001.

23. Bagga Enterprises currently owes the holder of the 9561 Note $286,912.49 in unpaid principal on the 9561 Note.

24.     Bagga Enterprises currently owes the holder of the 9561 Note interest on the 9561 Note, as follows:

| Time Period | Interest Rate | Per Diem Interest | Total Interest |
| --- | --- | --- | --- |
| April 2, 2001 through May 14, 2001 | 10.38% | $82.73 | $3,557.39 |
| From May 15, 2001 and Continuing | 13.38% | $106.63 | Continuing |

25.     Pursuant to the 9561 Note, Bagga Enterprises is also liable to the holder of the 9561 Note for all costs and expenses incurred by the holder of the 9561 Note in enforcing its rights under the 9561 Note, including reasonable attorneys' fees, charges, costs, and expenses of outside counsel and paralegals.

26.     All conditions precedent to the holder of the 9561 Note's right to receive the above sums have been performed or have occurred.

WHEREFORE, plaintiff Captec Financial Group, as Servicer of the 9561 Note, demands judgment against Bagga Enterprises in the amount of $290,469.88, representing principal and interest due and owing as of May 14, 2001, plus interest at the rate of $106.63 per diem from that date forward, plus reasonable attorneys' fees and expenses, court costs, and such other relief as the Court deems appropriate.

## COUNT II
### Against Jamuna Real Estate, LLC, United Management Services, Inc., and Welcome Group, Inc.
### Guaranty of the 9561 Note

27.     Plaintiff incorporates by reference paragraphs 1 through 26 of this Complaint as if set forth fully herein.

28.     On or about November 30, 2000, defendants Jamuna, United Management, and Welcome Group executed and delivered to Captec Financial Group a

Guaranty in which they guaranteed, absolutely and unconditionally, the performance of Bagga Enterprises' obligations to Captec Financial Group under the 9561 Note. A true and correct copy of the Guaranty is attached hereto as Exhibit "B."

29. By reason of Bagga Enterprises' default and pursuant to the Guaranty, defendants Jamuna, United Management, and Welcome Group are obligated to pay the holder of the 9561 Note $290,469.88, representing the principal and interest due and owing under the 9561 Note as of May 14, 2001, plus interest at the rate of 13.38% per annum from that date forward on the outstanding principal balance of $286,912.49.

30. Defendants Jamuna, United Management, and Welcome Group have failed to pay the holder of the 9561 Note the amounts due and owing.

31. Pursuant to the Guaranty, defendants Jamuna, United Management, and Welcome Group are liable to the holder of the 9561 Note for all costs and expenses incurred by the holder of the 9561 Note in enforcing its rights under the 9561 Note, and the Guaranty, including reasonable attorneys' fees, charges, costs, and expenses of outside counsel and paralegals.

32. All conditions precedent to the holder of the 9561 Note's right to receive such sums have been performed or have occurred.

WHEREFORE, plaintiff Captec Financial Group, as servicer of the 9561 Note, demands judgment against Jamuna, United Management, and Welcome Group in the amount of $290,469.88, representing principal and interest due and owing as of May 14, 2001, plus interest at the rate of $106.63 per diem from that date forward, plus reasonable attorneys' fees and expenses, court costs, and such other relief as the Court deems appropriate.

## COUNT III
### Against Bagga Enterprises – Injunctive Relief
### Collateral Security for 9561 Note and Guaranty

33. Plaintiff incorporates by reference paragraphs 1 through 32 of this Complaint as if set forth fully herein.

34. On or about September 19, 2000, Captec Financial Group and Bagga Enterprises executed a Security Agreement under which Bagga Enterprises granted to Captec Financial Group a security interest in certain collateral to secure the obligations owed Captec Financial Group under the 9561 Note and related Guaranty (the "Security Agreement"). A true and correct copy of the Security Agreement is attached hereto as Exhibit "C."

35. Pursuant to the Security Agreement, Bagga Enterprises granted a security interest to Captec Financial Group in the following collateral:

> Certain equipment, listed on Schedule A attached hereto now owned by Debtor and any and all additions and accessions thereto and all substitutions and replacements therefor (al of the foregoing is hereinafter referred to collectively as the "Equipment"), all guarantees, warranties and indemnities in respect of the Equipment, however designated, all agreements for use, chattel paper and instruments relating to the Equipment, hereafter entered into and any and all renewals, extensions modifications and substitutions thereof and therefor, and all rentals, revenues, rights to the receipt of payments, accounts, chattel paper, general intangibles, credits, claims, demands and any other property, rights and interests of the Debtor, arising out of or in connection with or relating to the Equipment, with respect to any manufacturer of any Equipment and proceeds of any of the foregoing and all proceeds of insurance unless otherwise provided for in this Security Agreement thereon including any agreements for use and chattel paper, leases, and other instruments relating thereto.

36. The Schedule A to Exhibit I to the Security Agreement, referenced in the immediately foregoing paragraph specifies that the "Equipment" includes:

> All machinery, equipment, furniture, fixtures, decorations, tools, signs, small wares and all other items of tangible personal property, the funds for which were provided by Secured Party pursuant to this Agreement, and all parts, accessories, attachments, additions, accessions or replacements thereto or proceeds therefrom, including, without limit, rights to payment and return premiums and insurance proceeds under insurance policies with respect to any of the foregoing now or in the future installed in, affixed to or used in the operation or ownership of Debtor's facility located at 2409 BOCA CHICA BLVD., BROWNSVILLE, TX 78521...

37. Captec Financial Group has assigned all of its right, title, and interest in the Security Agreement to Captec Financial Corporation.

38. Captec Financial Corporation is the secured party.

39. Captec Financial Group is the servicer of the secured party and has the authority to bring this action on its behalf.

40. As set forth in the preceding paragraphs, the 9561 Note and the Guaranty are in default.

41. As a result of those defaults, the secured party has an immediate right to possession of the collateral described above and has made demand on Bagga Enterprises to turn over all such collateral to the secured party.

42. Based on the prior conduct of Bagga Enterprises, plaintiff believes and therefore avers that Bagga Enterprises will interfere with its recovery of the collateral.

43. The loss of the collateral will cause the secured party irreparable harm, and the secured party has no adequate remedy at law to prevent such harm.

44. There is a substantial likelihood that plaintiff will succeed on the merits of this action.

45.     Under the 9561 Note, Bagga Enterprises is also liable to the holder of the 9561 Note for all costs and expenses incurred by the holder of the 9561 Note in enforcing its rights under the Security Agreement, including reasonable attorneys' fees, charges, costs, and expenses of outside counsel and paralegals.

WHEREFORE, plaintiff Captec Financial Group, as servicer of the secured party, respectfully requests that Bagga Enterprises be preliminarily and permanently enjoined from conveying, assigning, or otherwise dissipating the collateral covered by the Security Agreement and that the Court order Bagga Enterprises to cooperate fully with plaintiff to recover such collateral, and further, to pay all reasonable attorneys' fees and expenses, and court costs.

### COUNT IV
### Against Jamuna Real Estate, LLC
### Monetary Damages – The $1,007,000 Promissory Note

46.     Plaintiff incorporates by reference Paragraphs 1 through 45 of this Complaint as if set forth fully herein.

47.     On or about September 28, 2000, plaintiff Captec Financial Group loaned $1,007,000.00 to Jamuna (the "9557 Loan").

48.     In exchange for Captec Financial Group having loaned $1,007,000.00 to Jamuna, Jamuna executed and delivered to Captec Financial Group a promissory note (the "9557 Note") setting forth the terms and conditions governing the loan. A true and correct copy of the 9557 Note is attached hereto as Exhibit "D."

49.     Under the 9557 Note, Jamuna was obligated to pay Captec Financial Group the principal sum of $1,007,000.00 and interest on outstanding principal at the relevant contract rate.

50. Under the 9557 Note, Jamuna was obligated to pay Captec Financial Group one hundred eighty (180) monthly payments of $10,606.68, commencing on November 1, 2000, and on the first day of each consecutive month to October 1, 2015, being the Due Date specified in the 9557 Note.

51. Captec Financial Group subsequently transferred the 9557 Note, by allonge, to plaintiff Captec Financial Corporation.

52. Captec Financial Corporation is the holder of the 9557 Note.

53. Captec Financial Group is the servicer of the 9557 Note, and has the authority to bring this action on behalf of the holder of the Note.

54. Jamuna made the first five payments on the 9557 Loan, in accordance with its obligations under the 9557 Note.

55. Since making the first five payments, Jamuna has not made any payment on the 9557 Loan.

56. Bagga Enterprises' failure to make timely payments under the 9557 Loan constituted an Event of Default which, in accordance with the 9557 Note entitled the holder of the 9557 Note to declare all of the indebtedness immediately due and payable; *i.e.*, to accelerate the loan.

57. Under the terms of the 9557 Note, upon the occurrence of the Event of Default, detailed above, the interest rate on the outstanding principal increased from the Stated Rate (9.65%) to the Default Rate (12.65%).

58. On or about May 14, 2001, Captec Financial Group, as servicer of the Loan, issued a default letter to Jamuna, advising Jamuna that its failure to make timely payments under the 9557 Loan constituted an Event of Default under the 9557 Note.

59.     Jamuna is obligated under the 9557 Note to pay the holder of the 9557 Note interest retroactively at the default rate from the date of the first default under the 9557 Note. The earliest default of which plaintiff is aware occurred no later than April 1, 2001.

60.     Bagga Enterprises currently owes the holder of the 9557 Note $991,641.82 in unpaid principal on the 9557 Note.

61.     Jamuna currently owes the holder of the 9557 Note interest on the 9557 Note, as follows:

| Time Period | Interest Rate | Per Diem Interest | Total Interest |
| --- | --- | --- | --- |
| April 2, 2001 through May 14, 2001 | 9.65% | $265.82 | $11,430.26 |
| From May 15, 2001 and Continuing | 12.65% | $348.45 | Continuing |

62.     Pursuant to the 9557 Note, Jamuna is also liable to the holder of the 9557 Note for all costs and expenses incurred the holder of the 9557 Note in enforcing its rights under the 9557 Note, including reasonable attorneys' fees, charges, costs, and expenses of outside counsel and paralegals.

63.     All conditions precedent the holder of the 9557 Note's right to receive the above sums have been performed or have occurred.

WHEREFORE, plaintiff Captec Financial Group, as servicer of the 9557 Note, demands judgment against Jamuna in the amount of $1,003,072.00, representing principal and interest due and owing as of May 14, 2001, plus interest at the rate of $348.45 per diem from that date forward, plus reasonable attorneys' fees and expenses, court costs, and such other relief as the Court deems appropriate.

## COUNT V
### Against Bagga Enterprises, United Management Services, Inc., and Welcome Group, Inc.
### Guaranty of the 9557 Note

64. Plaintiff incorporates by reference paragraphs 1 through 63 of this Complaint as if set forth fully herein.

65. On or about September 28, 2000, defendants Bagga Enterprises, United Management, and Welcome Group executed and delivered to Captec Financial Group a Guaranty in which they guaranteed, absolutely and unconditionally, the performance of Jamuna's obligations to Captec Financial Group under the 9557 Note. A true and correct copy of the Guaranty is attached hereto as Exhibit "E."

66. By reason of Jamuna's default and pursuant to the Guaranty, defendants Bagga Enterprises, United Management, and Welcome Group are obligated to pay the holder of the 9557 Note $1,003,072.00, representing the principal and interest due and owing under the 9557 Note as of May 14, 2001, plus interest at the rate of 12.65% per annum from that date forward on the outstanding principal balance of $ 991,641.82.

67. Defendants Bagga Enterprises, United Management, and Welcome Group have failed to pay the holder of the 9557 Note the amounts due and owing.

68. Pursuant to the Guaranty, defendants Bagga Enterprises, United Management, and Welcome Group are liable to the holder of the 9557 Note for all costs and expenses incurred by the holder of the 9557 Note in enforcing its rights under the 9557 Note and the Guaranty, including reasonable attorneys' fees, charges, costs, and expenses of outside counsel and paralegals.

69. All conditions precedent to the holder of the 9557 Note's right to receive such sums have been performed or have occurred.

WHEREFORE, plaintiff Captec Financial Group, as servicer of the 9557 Note, demands judgment against Bagga Enterprises, United Management, and Welcome Group in the amount of $1,003,072.00, representing principal and interest due and owing as of May 14, 2001, plus interest at the rate of $348.45 per diem from that date forward, plus reasonable attorneys' fees and expenses, court costs, and such other relief as the Court deems appropriate.

## COUNT VI
### Against Jamuna – Injunctive Relief
### Collateral Security for 9557 Note and Guaranty

70. Plaintiff incorporates by reference paragraphs 1 through 69 of this Complaint as if set forth fully herein.

71. On or about September 25, 2000, Captec Financial Group and Jamuna executed a Deed of Trust, Assignment of Leases and Rents, Fixture Filing and Security Agreement, under which Jamuna deeded to Captec Financial Group certain property (the "Deeded Property") as a security interest to secure the obligations owed Captec Financial Group under the 9557 Note and related Guaranty (the "Deed of Trust"). A true and correct copy of the Deed of Trust is attached hereto as Exhibit "F."

72. Pursuant to the Deed of Trust, Jamuna granted the Deeded Property to Captec Financial Group, in order to

> secure (1) performance by Trustor [Jamuna] of the covenants and obligations of Trustor under that certain Promissory Note [*i.e.*, the 9557 Note], by Trustor to Beneficiary [Captec Financial Group], made as of the date of this Deed of Trust by Trustor, together with any and all extensions, renewals, modifications, substitutions or replacements thereof [...].

73. Under the Deed of Trust, the Deeded Property included all of Jamuna's "right, title and interest" in the real estate described in Schedule B attached to the Deed of Trust

(the "Real Estate") as well as all equipment, inventory, fixtures, accounts, general intangibles, and other personal property located on or appertaining to the Real Estate.

74. Under the Deed of Trust, Jamuna also assigned all of its interest in rents and leases associated with the Real Estate to Captec Financial Group as additional security for the 9557 Loan.

75. Captec Financial Group has assigned all of its right, title, and interest in the Deed of Trust to Captec Financial Corporation.

76. Captec Financial Corporation is the secured party.

77. Captec Financial Group is the servicer of the secured party and has the authority to bring this action on its behalf.

78. As set forth in the preceding paragraphs, the 9557 Note and the Guaranty are in default.

79. The defaults on the 9557 Note and the Guaranty constitute an Event of Default under the Deed of Trust.

80. As a result of the Event of Default under the Deed of Trust, the secured party has an immediate right to possession of the collateral described above.

81. Based on the prior conduct of Jamuna, plaintiff believes and therefore avers that Jamuna will interfere with its recovery of the collateral.

82. The loss of the collateral will cause the secured party irreparable harm, and the secured party has no adequate remedy at law to prevent such harm.

83. There is a substantial likelihood that plaintiff will succeed on the merits of this action.

84.     Under the 9557 Note, Jamuna is also liable to the holder of the 9557 Note for all costs and expenses incurred by the holder of the 9557 Note in enforcing its rights under the Deed of Trust, including reasonable attorneys' fees, charges, costs, and expenses of outside counsel and paralegals.

WHEREFORE, plaintiff Captec Financial Group, as servicer of the secured party, respectfully requests that Jamuna be preliminarily and permanently enjoined from conveying, assigning, or otherwise dissipating the collateral covered by the Deed of Trust and that the Court order Jamuna to cooperate fully with plaintiff to recover such collateral, and further, to pay all reasonable attorneys' fees and expenses, and court costs.

### COUNT VII
### Against Jamuna – Injunctive Relief
### To Enjoin Sale of Assets and for Accounting

85.     Plaintiff incorporates by reference paragraphs 1 through 84 of this Complaint as if set forth fully herein.

86.     Because of Bagga Enterprises' and Jamuna's defaults in the payment of the 9561 Note, and the 9557 Note, plaintiff has placed the 9561 Note and the Security Agreement, and the 9557 Note and the Deed of Trust, in the hands of its attorneys for collection and has contracted with the attorneys to pay reasonable attorneys' fees in connection with the collection.

87.     Because of Bagga Enterprises' and Jamuna's failure and refusal to pay the 9561 Note, and the 9557 Note, plaintiff has been damaged, as set forth above.

88.     On information and belief, Bagga Enterprises and Jamuna have disposed of numerous items of the property listed in the Security Agreement and the Deed of Trust without the consent of plaintiff and in violation of the Security Agreement and the Deed of Trust.

89. On information and belief, Bagga Enterprises and Jamuna will dispose of more of the property listed in the Security Agreement and the Deed of Trust unless the Court acts to prevent such action.

90. Bagga Enterprises and Jamuna have retained the proceeds of the sales described above for their own use without accounting to plaintiff for any of the proceeds.

91. The nature of Bagga Enterprises' and Jamuna's business as a fast food restaurant is such that additional assets securing the payment of the 9561 Note and the 9557 Note may be disposed of by Bagga Enterprises and/or Jamuna without plaintiff's knowledge.

92. Plaintiff has no adequate remedy at law and plaintiff's only remedy is to petition this Court for assistance. Plaintiff will sustain irreparable injury unless this Court issues a temporary restraining order and temporary injunction restraining defendant from disposing of any of the property listed on the Security Agreement and the Deed of Trust until the final hearing of this action.

93. Plaintiff further requests this Court to order Bagga Enterprises and Jamuna to file a full inventory and accounting of all property listed on the Security Agreement and/or the Deed of Trust, including the location of the assets, the names and addresses of the purchasers of any assets, the items purchased by each, the amount received, and the disposition of the proceeds of any such sales.

WHEREFORE, plaintiff respectfully requests that:

a. A temporary restraining order be immediately granted, without notice, restraining Bagga Enterprises and Jamuna from disposing of any of the property listed in the Security Agreement and/or the Deed of Trust until there can be a hearing on the issue of a temporary injunction;

    b.  A hearing be set for a temporary injunction to enjoin Bagga Enterprises and Jamuna from the above-described acts;

    c.  At the conclusion of the hearing Bagga Enterprises and Jamuna be restrained from the above-described acts until there can be a trial on the merits of this action;

    d.  Bagga Enterprises and Jamuna be ordered to render the full inventory and accounts described in Paragraph 93 at the earliest possible date; and

    e.  The Court grant such other and further relief as it deems appropriate.

_____
Kevin W. Walsh
Pa. Attorney I.D. No. 32699
Jeffrey K. Techentin
Pa. Attorney I.D. No. 81785
Pepper Hamilton LLP
3000 Two Logan Square
Eighteenth and Arch Streets
Philadelphia, PA  19103
215-981-4000

Attorney for Plaintiff

Dated: May 3, 2002