## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FL RECEIVABLE TRUST 2002-A : | |
|            Plaintiff, : | Civil Action |
| : | Nos.   02-CV-2710 |
| : |          02-CV-2711 |
| : |          02-CV-2780 |
| : |          02-CV-2786 |
|      vs. : | |
| : | |
| BAGGA ENTERPRISES, INC., JAMUNA REAL : | |
| ESTATE, LLC., UNITED MANAGEMENT : | |
| SERVICES, INC., and WELCOME GROUP, INC., : | |
|         Defendants. : | |

### ORDER

**AND NOW** this _____ day of _____, 2003, upon consideration

of Non-Party Witness Khushvinder K. Bagga's Motion for Protective Order and any opposition thereto,

it is ORDERED that the Motion is **GRANTED** and that the witness's deposition shall be limited to

questions pertaining to her knowledge of Defendant Jamuna, L.L.C., prior to January 1, 2001, and her

affiliation and/or employment with Defendant United Management Services, Inc.

By the Court:

_____

LOWELL A. REED U.S.D.J.

## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FL RECEIVABLE TRUST 2002-A<br>Plaintiff, | : <br> : <br> : | Civil Action Nos. <br> 02-CV-2710 <br> 02-CV-2711 <br> 02-CV-2780 <br> 02-CV-2786 |
| vs. | : <br> : <br> : <br> : | |
| BAGGA ENTERPRISES, INC., JAMUNA REAL<br>ESTATE, LLC., UNITED MANAGEMENT<br>SERVICES, INC., and WELCOME GROUP, INC.,<br>Defendants. | : <br> : <br> : <br> : <br> : | |

### NON-PARTY KHUSHVINDER K. BAGGA'S
### MOTION FOR PROTECTIVE ORDER

Non-party Kushvnidar K. Bagga ("Mrs. Bagga") hereby moves this Court for the

issuance of a Protective Order pursuant to Fed. R. Civ. P. 69 and Pa. R. Civ. P. 4011 and 4012

limiting the scope of the deposition scheduled to take place on May 15, 2003.  In support of this

Motion Mrs. Bagga incorporates herein the accompanying Memorandum of Law and supporting

affidavit.

Leslie Beth Baskin
Suzanne Ilene Schiller
Monica S. Mathews
SPECTOR GADON & ROSEN, P.C.
1635 Market Street, 7th Floor
Philadelphia, PA 19103
(215) 241-8888
(215) 241-8844 (facsimile)

Attorneys for Non-Party Witness
Khushvinder K. Bagga

Dated:    May 7, 2003

## Certification of Counsel

I, Leslie Beth Baskin, pursuant to Federal Rule of Civil Procedure 26(c) and Local Rule 26.1(f), hereby certify that the parties, after reasonable effort, were unable to resolve the dispute as to the scope of Ms. Bagga's deposition.

May 6, 2003

Leslie Beth Baskin

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |  |
|---|---|---|
| FL RECEIVABLE TRUST 2002-A | : | |
| Plaintiff, | : | Civil Action |
| | : | Nos.   02-CV-2710 |
| | : |         02-CV-2711 |
| | : |         02-CV-2780 |
| | : |         02-CV-2786 |
| vs. | : | |
| | : | |
| | : | |
| BAGGA ENTERPRISES, INC., JAMUNA REAL | : | |
| ESTATE, LLC., UNITED MANAGEMENT | : | |
| SERVICES, INC., and WELCOME GROUP, INC., | : | |
| Defendants. | : | |
| | : | |

## MEMORANDUM OF LAW IN SUPPORT OF NON-PARTY BAGGA'S MOTION FOR PROTECTIVE ORDER

In support of her Motion for Protective Order, Non-Party witness Khushvinder K. Bagga ("Mrs. Bagga") submits the following memorandum of law.

### I.    Background Facts

Plaintiff, FL Receivable Trust 2002-A, pursuant to Mrs. Bagga's information and belief, is the subsidiary of Captec Financial Group, Inc.

On or about April 12, 2002, Captec filed four complaints against Defendants alleging that payments were due and owing under various promissory notes made to and guaranteed by Defendants in late 2000 and early 2001.  Default judgments were entered against Defendants in all actions on December 20, 2002.  Upon information and belief, and in aid of execution on those judgments, on or about April 15, 2003, Plaintiff served Mrs. Bagga with a subpoena requiring

her to appear and provide testimony on May 15, 2003.[1]  A true and correct copy of the subpoena is attached hereto as Exhibit "A."

Mrs. Bagga is the wife of Paul Bagga who is, and always has been, the 100% owner of Defendants Bagga Enterprises Inc. ("Bagga Enterprises"), United Management Services, Inc. ("United Management") and Welcome Group, Inc.[2]  See Affidavit of Khushvinder K. Bagga In Support of Motion for Protective Order attached hereto as Exhibit "B."  Mrs. Bagga has never had any ownership interest in Bagga Enterprises, United Management or Welcome Group.  See Exhibit "B."  Mrs. Bagga's ownership interest in Defendant Jamuna, L.L.C. ("Jamuna") ended when, on January 1, 2001, she transferred all of her interest in Jamuna, to her husband Paul.  See Exhibit "B."  Since that time, Mrs. Bagga's only association with any of the Defendant corporations has been her employment relationship with Defendant United Management which pays her a yearly salary for administrative work she occasionally performs for the company.  See Exhibit "B."  This is the only association Mrs. Bagga currently has with any of the Defendants, and is the only association she has had with Defendants for the last two years.  See Exhibit "B."

After receiving the subpoena, counsel for Mrs. Bagga contacted Plaintiff's counsel in an effort to appropriately limit the scope of Mrs. Bagga's deposition.  Because counsel would not agree to any limitations, Mrs. Bagga has filed this motion for protective order.

As Mrs. Bagga's affidavit makes clear, Mrs. Bagga has no information related to the assets of Defendants, and that this subpoena was served in bad faith with the sole purpose of causing Mrs. Bagga, and thereby her husband, unreasonable expense, harassment and burden. Therefore, in accordance with Pennsylvania Rules of Civil Procedure ("Pa. R. Civ. P.") 4011 and

---

[1]   Although the subpoena does not so indicate, the subpoena is presumably served in aid of execution pursuant to Fed. R. Civ. P. 69 (a) inasmuch as default judgment has been entered in the captioned matters.

[2]   Defendant Welcome Group Inc. filed a voluntary Chapter 11 petition pursuant to 11 U.S.C. § 101 et seq.

4012, Mrs. Bagga is entitled to a protective order limiting the scope of her deposition to her

relationship with Defendant United Management and any information she acquired before and

until January 1, 2001 regarding her prior interest in Jamuna.

**II.    Motion for Protective Order**

Fed. R. Civ. P. 69(a) provides that, "[t]he procedure on execution, in proceedings,

supplementary to and in aid of judgment, and in proceedings on and in aid of execution shall be

in accordance with the practice and procedure of the state in which the district court is held." Pa.

R. Civ. P." 4011 states in relevant part,

> No discovery or deposition shall be permitted which is sought in bad faith;
> would cause unreasonable annoyance, embarrassment, oppression, burden
> or expense to the deponent or party; relates to matter which is privileged;
> or ... would require the making or an reasonable investigation by the
> deponent or any party or witness.

Thus, while Pennsylvania law allows for the discovery of assets in aid of execution

through Pa. R. Civ. P. 3117, such discovery is not unlimited.  Painewebber Inc. v. Devin, 442 Pa.

Super. 40, 49, 658 A.2d 409, 413 (1995).  "Discovery in aid of execution may be restricted if the

requested testimony or material is not relevant to the discovery of assets of the defendant."  Id.

Upon a showing of good cause the Court may make any order which justice requires to protect a

party or person from unreasonable annoyance, embarrassment, oppression, burden or expense,

including...(4) that certain matters shall not be inquired into...[or] (5) that the scope of discovery

or deposition be limited.  Pa. R. Civ. P. 4012 (emphasis added).

In the instant case, Mrs. Bagga can show good cause for requesting a protective order

limiting her deposition as the deposition can produce no information relevant to the discovery of

assets of any Defendant and, unless severely restricted, will only serve Plaintiff's true purpose of

---

and as such, to the extent that this proceeding is in aid of execution against that Defendant, it is must be
stayed in accordance with the automatic stay provision, 11 U.S.C. § 362.

annoying, oppressing and placing unreasonable burden and expense on Mrs. Bagga.

### A.    Mrs. Bagga has no information or relationship with any Defendant.

"Rule 69 was intended to provide the post-judgment creditor with an efficient means of uncovering assets upon which he may levy to satisfy judgment." Dering v. Pitassi, 1988 U.S. Dist. LEXIS 12075, * (E.D.Pa. 1988). Discovery is therefore limited in temporal scope to the time when a debtor became aware of its indebtedness to the creditor. Id. As described above, Mrs. Bagga has no interests in any of the Defendant companies -- and has not had any interest for over two years -- and likewise, has not had information regarding their assets for over two years inasmuch as Mrs. Bagga:

- is not a named party;[3]
- has no interest in any of the Defendant companies;
- has not participated in and has no knowledge of any transfers of Defendants' assets since she relinquished her interest in January 2001;
- has not had any interest since January 1, 2001 in any Defendant company; and
- maintains only a single connection to any Defendant which is that of employee/employer with Defendant United Management.

See Exhibit "B." Mrs. Bagga transferred her interest on January 1, 2001 -- over fourteen months before any of the above captioned complaints were filed and almost two years before default judgment was entered. As such, there is no reason to believe that Mrs. Bagga has any knowledge of any of Defendants' assets which are available, or were previously available, to satisfy Plaintiff's December 2002 judgment.

As there is no information that can come from Mrs. Bagga's deposition, the only purpose for the deposition can be one of bad faith, taken in an effort to harass Mrs. Bagga and, just as importantly, to harass her husband -- who does have interests in Defendant companies. Because

---

[3]    Pennsylvania law limits the examination of third persons to questions regarding the assets of the judgment debtor and protects third parties from being required to disclose their own assets. See Casson Corp. v. County West Building Corp., 62 F.R.D. 331, 334 (E.D.Pa. 1974); see also 12 Wright and Miller, Federal Practice and Procedure§ 3014 (1973).

there is no legal purpose for taking Mrs. Bagga's deposition in aid of execution against Defendants with which she has no relationship, Mrs. Bagga's deposition is not relevant to the discovery of the assets of any Defendant and good cause exists for a protective order to issue limiting the deposition to the attenuated and prior connections between Mrs. Bagga and Defendants Jamuna and United Management.

### B.    Any information Mrs. Bagga does have is subject to the spousal testimony and marital communications privileges.

Although Mrs. Bagga does not have any first hand knowledge of the assets of any of the Defendant companies, any second-hand information or tangentially related information she may otherwise have is statutorily protected by the marital communications privilege because any such information would necessarily have been gained through marital communications with her husband, Paul Bagga. See 42 Pa. C.S.A. §5923; see Holm v. Pollack, 2001 U. S. Dist. LEXIS 16930. * 8 (E.D. Pa. Oct. 19, 2001)("The marital communications privilege protects words or acts intended as communications from a spouse that are communicated during a valid marriage."). The fact that a communication may relate to business matters does not rebut the presumption of confidentiality and privilege for such communications. Computerland Corp. v. Batac, Inc., 1990 U.S. Dist. LEXIS 4920, * 6 (S.D.N.Y. April 26, 1990). Moreover, to the extent Plaintiff seeks to depose Mrs. Bagga regarding any unlawful conduct related to Mr. Bagga's actions and Defendants' assets, Mrs. Bagga is prevented from providing such testimony by the spousal privilege. See Pa. C.S.A. § 5924.

Accordingly, in addition to the fact that a protective order should issue because Mrs. Bagga has no first hand knowledge of Defendants' assets, good cause exists to issue a protective order to shield any information Mrs. Bagga might otherwise have gained through her husband in order to afford her full protection of the marital communications privilege and the spousal

privilege to which she is entitled.

### III.    <u>Conclusion</u>

For all of the foregoing reasons, non-party witness Mrs. Bagga is entitled to a protective

order limiting the scope of the deposition taken in aid of execution. Mrs. Bagga is entitled to a

protective order limiting the deposition to questions regarding her employment relationship with

United Management and her interests in Jamuna as it existed prior to January 2001.

Leslie Beth Baskin
Suzanne Ilene Schiller
Monica S. Mathews
SPECTOR GADON & ROSEN, P.C.
1635 Market Street, 7th Floor
Philadelphia, PA  19103
(215) 241-8888
(215) 241-8844 (facsimile)

Attorneys for Non-Party Witness
Dated:    May 7, 2003                    Khushvinder K. Bagga

Exhibit "A"

LAW OFFICES

## OBERMAYER REBMANN MAXWELL & HIPPEL LLP

ONE PENN CENTER-19TH FLOOR

1617 JOHN F. KENNEDY BOULEVARD

PHILADELPHIA, PA 19103-1895

(215) 665-3000
FAX (215) 665-3165

Jonathan W. Hugg, Esquire
Direct Dial: (215) 665-3261
E-Mail: jonathan.hugg@obermayer.com

04/18/200

April 15, 2003

## VIA CERTIFIED MAIL R/R/R

Kushvindar K. Bagga a/k/a Kushi Bagga
611 Creek Lane
Flowertown, PA 17225

> Re:     *FL Receivable Trust v. Bagga Enterprises, et al.*
> *U.S.D.C., E.D.PA No.*
>     *02-CV-2710*
>     *02-CV2711*
>     *02-CV2080*
>     *02-CV-2086*

Dear Sir/Madam:

This office represents Plaintiff FL Receivable Trust 2002-A in the above matter.
Enclosed is a Subpoena directing you to appear for a deposition at this office, at the date and
time indicated.

Thank you.

Very truly yours,

*[signature]*

JONATHAN W. HUGG

Enclosure
JWH:hll
cc:     Victor Lipsky, Esquire (w/encl.)

CERTIFIED MAIL NO. 7002-3150-0006-1188-0499

451402

AO 88 (Rev. 1/94) Subpoena in a Civil Case

**Issued by the**
# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

FL RECEIVABLE TRUST 2002-A
                        *Plaintiff*

          v.

BAGGA ENTERPRISES, INC.; JAMUNA REAL
ESTATE, LLC; UNITED MANAGEMENT SERVICES,
INC. and WELCOME GROUP, INC.
                        *Defendants*

**SUBPOENA IN A CIVIL CASE**

CIVIL ACTION NO:  02-CV-2710;
                  02-CV-2711;
                  02-CV-2080;
                  02-CV-2086

TO:    Kushvindar K. Bagga a/k/a Kushi Bagga
       611 Creek Lane
       Flowertown, PA 19031

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| OBERMAYER REBMANN MAXWELL & HIPPEL LLP<br>One Penn Center, 19th Floor, 1617 John F. Kennedy Blvd.<br>Philadelphia, PA 19103 | May 15, 2003<br>2 P.M. |

☐ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects): See the attached Exhibit "A".

| PLACE | DATE AND TIME |
|---|---|
|  |  |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Attorney for Plaintiff *Jonathan W Hugg* | April 15, 2003 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Jonathan W. Hugg, Esquire
OBERMAYER REBMANN MAXWELL & HIPPEL LLP
One Penn Center, 19th Floor, 1617 John F. Kennedy Blvd.
Philadelphia, PA 19103
(215) 665-3000

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____

| DATE | SIGNATURE OF SERVER |
|---|---|

| | ADDRESS OF SERVER |
|---|---|

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c)    PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.
   (1)  A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.
   (2)  (A)  A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.
   (B)  Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.
   (3)  (A)  On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
      (i)  fails to allow reasonable time for compliance;
      (ii)  requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person,

except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or
      (iii)  requires disclosure of privileged or other protected matter and no exception or waiver applies, or
      (iv)  subjects a person to undue burden.
   (B)  If a subpoena
      (i)  requires disclosure of a trade secret or other confidential research, development, or commercial information, or
      (ii)  requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
      (iii)  requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.
(d)    DUTIES IN RESPONDING TO SUBPOENA.
   (1)  A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
   (2)  When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

`

Exhibit "B"

## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| FL RECEIVABLE TRUST 2002-A | : | |
| Plaintiff, | : | Civil Action |
| | : | Nos.   02-CV-2710 |
| | : | 02-CV-2711 |
| | : | 02-CV-2780 |
| | : | 02-CV-2786 |
| vs. | : | |
| | : | |
| | : | |
| BAGGA ENTERPRISES, INC., JAMUNA REAL | : | |
| ESTATE, LLC., UNITED MANAGEMENT | : | |
| SERVICES, INC., and WELCOME GROUP, INC., | : | |
| Defendants. | : | |
| | : | |

## AFFIDAVIT OF KHUSHVINDER K. BAGGA
## IN SUPPORT OF MOTION FOR PROTECTIVE ORDER

| | |
|---|---|
| Commonwealth of Pennsylvania | :  |
| | : ss. |
| County of Philadelphia | : |

Khushvinder K. Bagga, being duly sworn according to law, deposes and says as follows:

1.      I am married to Paul Bagga and have been married to him for over 25 years.  I have never possessed any ownership interest in Bagga Enterprises, United Management or Welcome Group.  My husband Paul is and always has been the owner of Defendants Bagga Enterprises, United Management and Welcome Group.

2.      Prior to January 1, 2001 I had a 50% ownership interest in Defendant Jamuna, L.L.C.  Effective January 1, 2001, I transferred my ownership interest in Jamuna to my husband, Paul Bagga.  I have had no ownership interest in Jamuna and no information about its assets since that date.

3.    My only present relationship with any of the Defendants in the above captioned action is my employment relationship with Defendant United Management whereby I perform occasional administrative tasks.

4.    I did not participate in the negotiations which resulted in the loans that are the subject of the above-captioned actions and I did not execute any of the loan documents or promissory notes.

5.    I have no information regarding the location or transfer of any of Defendants' assets and have had no information since January 1, 2001.

6.    Any information which I would otherwise remember regarding the location or transfer of any of Defendants' assets would have been communicated to me by my husband Paul Bagga.

Khushvinder K. Bagga

Subscribed to and sworn
before me this 7th day
of May, 2003:

Notary Public

NOTARIAL SEAL
DEBORAH K. DUPLER, Notary Public
City of Philadelphia, Phila. County
My Commission Expires December 17, 2005

2

## Certificate of Service

I, Monica S. Mathews, hereby certify that a true and correct copy of the foregoing

motion for protective order and accompanying memorandum of law was served by hand delivery on

May 7, 2003 upon the following:

Jonathan W. Hugg, Esquire
Obermayer Rebmann Maxwell & Hippel, LLP
One Penn Center – 19th Floor
1617 JFK Blvd.
Philadelphia, PA 19103-1895

Victor Lipsky, Esquire
Lipsky & Brandt
1101 Market St., Suite 2820
Philadelphia, PA 19103

Steven D. Usdin, Esquire
Adelman Lavine Gold & Levin, PC
Two Penn Center Plaza, Suite 1900
Philadelphia, PA 19102-1799

Monica S. Mathews