IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FL RECEIVABLE TRUST 2002-A | : | CIVIL ACTION |
| | : | NOS. 02-2080 |
| v. | : | 02-2086 |
| | : | 02-2710 |
| BAGGA ENTERPRISES, INC., et al. | : | 02-2711 |

**O R D E R**

AND NOW, this 17th day of July, 2003, upon consideration of the letter motion of plaintiff to compel the further deposition of Kushvinder Kaur Bagga ("Mrs. Bagga") dated June 24, 2003, the letter response of Mrs. Bagga thereto dated July 2, 2003 and the letter reply of plaintiff thereto dated July 2, 2003, this Court having read the transcript of the deposition of Mrs. Bagga on June 17, 2003 and having found that the directions of Mrs. Bagga's counsel to her that she not answer questions were violative of Fed. R. Civ. P. 30(d)(1) and were not in any way subject to Rule 30(d)(4), and having found that the conduct of Mrs. Bagga and her counsel at the deposition of June 17, 2003 violated the intent and spirit of Rule 30(d)(1) and (4) and the case of Hall v. Clifton Precision, 150 F.R.D. 525 (E.D. Pa. 1993) which is adopted herewith as the law of this case, and having found that plaintiff's counsel was proceeding in good faith, and concluding herewith that Mrs. Bagga must answer questions which may lead to the discovery of assets subject to execution on the judgments against the defendants, even if her answers disclose her personal financial transactions or disclose acts or omissions of Mrs. Bagga or others traceable to the financial affairs of the defendants, it is accordingly hereby **ORDERED** that:

1. The deposition of Mrs. Bagga be resumed within twenty (20) days of the date of this Order at which time she shall appear and answer questions under oath;

2. Mrs. Bagga shall answer all questions propounded at the deposition of

June 17, 2003 as to which she was instructed not to answer on the grounds of "personal assets or matters" or other grounds of relevancy and answer reasonable follow-up questions;

       3.     Mrs. Bagga's counsel shall be governed by the terms of this Order in representation of Mrs. Bagga at her resumed deposition.

       4.     Because it is not clear to this Court whether it was Mrs. Bagga or rather her counsel, Leslie Beth Basin, Esquire who caused the clear unsupported violation of the law as above noted, this Court hereby denies, without prejudice, the request of plaintiff for sanctions including counsel fees thereby allowing plaintiff to develop the record in regard to culpability both at the resumed deposition and otherwise and to seek resolution of its request for sanctions and an appropriate form of Order by later means and efforts.

       5.     The request of Mrs. Bagga for oral argument is denied as due process has been observed in the resolution of this dispute under the circumstances.

_____
LOWELL A. REED, JR., S.J.