IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FL RECEIVABLE TRUST 2002-A | : The Honorable Lowell A. Reed, Jr., S.J. |
| Plaintiff | : |
| | : Civil Action No. 02-2710 |
| vs. | : |
| | : Civil Action No. 02-2711 |
| Bagga Enterprises, Inc. | : |
| Jamuna Real Estate, LLC | : Civil Action No. 02-2080 |
| United Management Services, Inc. and | : |
| Welcome Group, Inc., | : Civil Action No. 02-2086 |
| Defendants | : |
| | : |

**ORDER**

AND NOW, this          day of              , 2004, upon consideration of Plaintiff, FL Receivable Trust 2002-A's Motion to Determine the Procedure for Inspecting Computer Records, it is hereby ORDERED that the Motion is GRANTED.

The Court finds as follows:

1. Plaintiff FL Receivable Trust 2002-A and defendants Bagga Enterprises, Inc., Jamuna Real Estate, LLC, United Management Services, Inc. and Welcome Group, Inc. entered into a Stipulation dated December 10, 2003 which was approved by this Court on that date (the "December 10th Stipulation"); and

2. The December 10th Stipulation specifies certain procedures for copying and reviewing the information obtained as a result of the authorized seizure of computer media consisting of 68 computer discs, four cloned copies of computer discs, cloned copies of fourteen computer hard drives, and one Personal Digital Assistant hand-held computer device (together, the "computer media"); and

508171

3. The December 10th Stipulation specifies that the computer media must remain in the custody of the Philadelphia office of the United States Marshal and may be examined there by the parties; and

4. On December 18, 2003, pursuant to the terms of the December 10th Stipulation and after notice to the defendants, plaintiff's forensic computer expert copied the 68 computer discs at the United States Marshal's office, and plaintiff's counsel began inspecting the information on some of the 68 computer discs; and

5. The copies and all original discs were, pursuant to this Court's order, left in the custody of the United States Marshal, which has indicated it has limited space and manpower available to devote to the discovery process contemplated here.

6. Based on the affidavit of plaintiff's forensic computer expert, continued inspection of the information contained in the computer media at the office of the United States Marshal is not workable.

The Court ORDERS as follows:

1. Plaintiff's forensic computer expert, Kroll Ontrack, Inc. ("Kroll"), shall remove all cloned copies of the computer media from the office of the United States Marshal and leave all original computer media in the custody of the United States Marshal, where defendants may retrieve them. Kroll shall transport the copied computer media to its laboratories in Minnesota, extract the information from the computer media, and make the information available to the parties in accordance with the terms of this Order.

508171

2. Plaintiff, defendants and Kroll shall counter-sign a copy of this Order acknowledging they (i) are bound by its provisions, (ii) will limit access to the computer media to the parties' authorized representatives, consisting of the parties' designated employees, their lawyers and their consultants, and (iii) will preserve the confidentiality of all information that is determined not to be discoverable.

3. Kroll shall make available the file listings for the files and their contents contained on the computer media to plaintiff and defendants.

4. Kroll shall place the files and their contents contained on the computer media in viewable form on a secure server configured so that access to the files is granted only to the parties' authorized representatives. Plaintiff shall provide to defendants' counsel one business days advance written notice before plaintiff's initial viewing (only) of the files on the server.

5. Any files that cannot be placed upon a secure server shall be reproduced on CD-ROMS or DVD-ROMS and copies provided to both parties for review by each party's authorized representatives. Kroll shall maintain the original copies it made of these CD-ROMS or DVD-ROMS.

6. Subject to the provisions of this Order, plaintiff's authorized representatives shall be permitted to inspect any files on the secure server, the CD-ROMS or DVD-ROMS until such time as plaintiff determines, or until defendants (or any of them) notify plaintiff in writing, including by telecopied letter or by e-mail, that particular files are not discoverable and must be excluded because they are: (1) purely personal and not business-

related; (2) legally privileged; or (3) in the nature of trade secrets and proprietary business information whose disclosure to competitors would be injurious to defendants' businesses. (The term "excluded" is used hereinafter to include any of these three situations.)

7. Upon receipt of such notice, plaintiff shall within three business days review the identified files and notify counsel for defendants, by telecopied letter or e-mail, whether it agrees or disagrees with excluding the identified file(s).

8. If plaintiff agrees to exclude the identified files, such files shall be deemed "excluded." Contemporaneously with the notice to defendants' counsel, plaintiff shall notify Kroll to restrict access to the excluded files on the secure server so that the excluded files are accessible only to defendants' authorized representatives. If the excluded files are on a CD-ROM or DVD-ROM, plaintiff shall deliver such CD-ROM or DVD-ROM to Kroll and request from Kroll a replacement copy of such CD-ROM or DVD-ROM which does not contain the excluded files.

9. If plaintiff does not agree with excluding the identified files, such files shall be deemed "disputed." Contemporaneously with the notice to defendant's counsel, plaintiff shall notify Kroll to reproduce the disputed files onto CD-ROMs or DVD-ROMs and provide them to defendants' counsel for purposes of review by the Court. Either party may then ask the Court to review the disputed files <u>in camera</u>.

508171

10. Plaintiff may make copies of, and use in litigation, all files that the parties agree or the Court rules are not excluded. Such files may also be used by Kroll for purposes of any analysis requested by plaintiff.

11. If Plaintiff uses records that the parties agree or the Court rules are trade secrets or confidential proprietary business information ("Confidential Information") at a deposition, then Defendants may request that the portion of the deposition referring to such Confidential Information be marked "Confidential." If Plaintiff uses Confidential Information in a court filing, Plaintiff shall seek to file the portions of the court filing that refer to the Confidential Information under seal.

12. Kroll is specifically directed to maintain the files from the computer media in the form outlined in this Order and to permit access only as described in this Order. Except as provided by this Order, Kroll shall not disclose the information on the computer media to anyone other than the authorized representatives of the parties.

13. This Order supersedes the December 10th Stipulation.

BY THE COURT:

_____
Lowell A. Reed, Jr., S.J.

COUNTER SIGNATURES

508171

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FL RECEIVABLE TRUST 2002-A | : | The Honorable Lowell A. Reed, Jr., S.J. |
| Plaintiff | : | |
| | : | Civil Action No. 02-2710 |
| vs. | : | |
| | : | Civil Action No. 02-2711 |
| Bagga Enterprises, Inc. | : | |
| Jamuna Real Estate, LLC | : | Civil Action No. 02-2080 |
| United Management Services, Inc. and | : | |
| Welcome Group, Inc., | : | Civil Action No. 02-2086 |
| Defendants | : | |
| | : | |

**PLAINTIFF FL RECEIVABLES TRUST 2002-A'S MOTION TO DETERMINE THE PROCEDURE FOR INSPECTING COMPUTER RECORDS**

Plaintiff FL Receivables Trust 2002-A moves the Court for an Order determining the procedure for inspecting 68 cloned computer discs, 4 cloned discs, 14 cloned hard drives, and 1 cloned personal digital assistant currently in the custody of the United States Marshal (collectively, the "computer media"). As more fully set forth in the accompanying memorandum of law and supported by the affidavit of Gary Haas, inspection of the computer media at the office of the United States Marshal is not conducive to preserving the integrity of the computer evidence or recovering deleted files, is not efficient or practicable for the parties, and is unduly burdensome to the United States Marshal.

Before filing this motion, plaintiff sought defendants' agreement to modify the procedures for inspecting the computer media and forwarded a draft stipulation to defendants for review and comment. When defendants did not respond to plaintiff's letter, plaintiff's counsel telephoned defendants' counsel. Although defendants' counsel promised to review the stipulation, they did not respond to plaintiff's counsel. Plaintiff's counsel again called defendants' counsel, who questioned using plaintiff's computer expert as the custodian of the computer media, but failed to put his concerns or the basis for his concerns in writing as requested by plaintiff's counsel. The lack of response from defendants' counsel is typical of

508171

defendants' failure to cooperate with plaintiff's discovery efforts throughout the history of this matter. Plaintiff files this motion to avoid further delay in being able to review materials the Court previously authorized plaintiff to seize. In response to the expressed concern of defendants' counsel, plaintiff has incorporated in the proposed order a provision specifically directing Kroll Ontrack to comply with the terms of the order.

                                              Respectfully submitted,

_____
William J. Leonard
Richard P. Limburg

One Penn Center, 19th Floor
1617 John F. Kennedy Blvd.
Philadelphia, PA  19103-1895
(215) 665-3014

Attorneys for Plaintiff

508171

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FL RECEIVABLE TRUST 2002-A | : The Honorable Lowell A. Reed, Jr., S.J. |
| Plaintiff | : |
| | : Civil Action No. 02-2710 |
| vs. | : |
| | : Civil Action No. 02-2711 |
| Bagga Enterprises, Inc. | : |
| Jamuna Real Estate, LLC | : Civil Action No. 02-2080 |
| United Management Services, Inc. and | : |
| Welcome Group, Inc., | : Civil Action No. 02-2086 |
| Defendants | : |

**PLAINTIFF FL RECEIVABLE TRUST 2002-A'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DETERMINE THE PROCEDURE FOR REVIEWING COMPUTER RECORDS**

Plaintiff, FL Receivable Trust 2002-A (the "Trust"), respectfully submits this memorandum of law in support of its Motion to Determine the Procedure for Reviewing Computer Records.

On November 13, 2003, this Court issued an ex parte TRO allowing Plaintiff, with the assistance of the United States Marshal, to seize computer records from several locations: Paul and Khushvinder Bagga's home, Paul and Khushvinder Bagga's office, Paul Bagga's car, and Gary Gambhir's home. (A copy of the November 13, 2003 Order is attached as Exhibit "A"). All of the computer media seized on November 19th, consisting of 68 original computer discs, 4 cloned discs, 14 computer hard drives, and 1 cloned Personal Digital Assistant ("PDA") handheld device, were placed into the custody of the United States Marshal pending agreement on a procedure for inspecting the computer media.

On December 10, 2003, the Court scheduled a hearing to convert the ex parte TRO into a permanent injunction. At that time, the parties presented for the Court's approval a stipulation prepared by counsel, setting forth a procedure for inspection of the

508171

computer media. (The December 10, 2003 Stipulation is attached as Exhibit "B"). The December 10, 2003 Stipulation required that the copying and inspection of the computer media take place at the Marshal's office.

To copy the 68 original computer discs and to enable the inspection of the computer media without impairing the integrity of the computer media, plaintiff retained Kroll Ontrack, Inc. ("Kroll"), a company that specializes in data recovery, electronic discovery, and computer forensic services.[1] On December 18, 2003, Gary Haas, a Kroll computer forensic engineer, traveled to Philadelphia to copy the 68 original computer discs. (See ¶¶5-8 of the Affidavit of Gary Haas, attached hereto as Exhibit "C"). Mr. Haas reviewed the December 10th Stipulation before making the copies. (Haas Aff., ¶ 4). Mr. Haas copied the files on all 68 computer discs. That process took sixteen hours over a two-day period. (Haas Aff., ¶9). In the process of copying, Mr. Haas noted that the computer discs contained programs that can be used to maintain financial records. He also observed that certain computer discs contained files having labels that referred to the Baggas' businesses and related entities. (Haas Aff., ¶¶11-12). Pursuant to the terms of the December 10th Stipulation, Mr. Haas left in the Marshal's custody all of the computer media, consisting of all original and cloned copies of discs and hard drives. (Haas Aff. ¶ 13).

The data contained on the computer media is extremely voluminous. (Haas Aff., ¶¶20-22). Inspecting the computer media will take weeks or months. (Haas Aff., ¶14). The U.S. Marshal has advised Plaintiff's counsel that it would be difficult to accommodate such a lengthy review of the computer media.

---

[1] Plaintiff earlier retained Kroll to analyze whether the Bagga's computer records had been tampered with before being produced to plaintiffs in July and August of 2003, and to make clones of computer hard drives and discs on November 19, 2003.

508171

More importantly, Kroll cannot put the necessary equipment containing its proprietary software in the Marshal's office. As a practical matter, a thorough extraction of the information on the computer media, including recovery of deleted files, restoration of Quickbooks archive files, and recovery of information from one corrupted disc and the PDA handheld device can only be done in Kroll's Minnesota laboratories. (Haas Aff., ¶15 and ¶¶16-19). Absent the equipment in Kroll's laboratories, many files simply are not accessible, such as files that have been "deleted" but may still be recovered using the techniques available in the lab. (Haas Aff., ¶¶16-17). The software Kroll employs for recovering deleted files is highly proprietary and, as a security precaution, will not function outside of the lab. (Haas Aff., ¶17). In addition, there are a large number of Quickbooks backup files that need to be restored to a Quickbooks file to be viewed using Quickbooks software. (Haas Aff., ¶ 18). The number of such files, the time and the technology needed for the restoration process make it impractical to perform the task of restoration in the Marshal's office. (Haas Aff., ¶ 18). Moreover, Kroll has technology at its lab that may overcome the problems with a corrupted disc and the PDA handheld device. (Haas Aff., ¶19).

With Kroll's assistance, plaintiff developed an alternative procedure for inspecting the computer media. On January 6, 2004, plaintiff faxed and e-mailed a letter and a draft stipulation to defendants' counsel for review and comment. (A copy of the January 6, 2004 letter is attached as Exhibit "D"). The draft stipulation provided for Kroll to transport all of the material to its Minnesota laboratories and to make the material available to both parties on secure servers, subject to judicial resolution of disputes regarding privilege. (Haas Aff., ¶ 27). This electronic file-sharing is as secure

as the physical sharing of documents that the December 10th Stipulation permits and is commonly used by Kroll when it performs similar work for government and Fortune 500 companies. (Haas Aff., ¶¶31).

On January 13, 2004, plaintiff's counsel telephoned Jon Adelstein, Esq., who had not reviewed the draft stipulation but said that he would do so. To date, Mr. Adelstein has not gotten back to plaintiff's counsel.

On January 14, 2004, plaintiff's counsel telephoned Andrew Teitelman, Esq., who indicated that he had not completed his review of the draft stipulation. Mr. Teitelman questioned using plaintiff's computer expert as the custodian of the computer media. At the request of plaintiff's counsel, Mr. Teitelman stated that he would provide written comments detailing his concerns by Thursday, January 15, 2004. Plaintiff's counsel has not received any written comments or heard back from Mr. Teitelman since January 14th.

Neither Mr. Teitelman nor Mr. Adelstein disputed the need to modify the procedures in the December 10th Stipulation. Nevertheless, they have not responded to plaintiff's January 6th letter or provided written comments on the draft stipulation. This is typical of defendants' approach to all of plaintiff's discovery efforts in this matter, which is to stall and delay whenever possible, as detailed in plaintiff's November 6, 2003 motion for ex parte TRO (attached as Exhibit "E"), December 22, 2003 motion to compel (attached as Exhibit "F"), and January 9, 2004 letter to the Court (attached as Exhibit "G").

The only reason defendants have given for not agreeing to the draft stipulation is that Kroll will be the custodian of the computer media. Defendants apparently believe that, because Kroll is serving as plaintiff's expert, Kroll might surreptitiously provide

508171

plaintiff with documents that the parties agree or the Court rules are not discoverable. The draft stipulation provided that Kroll would sign an appropriate protective order. Kroll has often signed and worked under protective orders and has never been found in violation of such an order. (Haas Aff., ¶30).

To further address defendants' concern, plaintiff has included in the proposed Order provisions specifically directing Kroll On Track to comply with the terms of the Order and to acknowledge that it is bound by the terms of the Order by countersigning the Order.

Because of defendants' failure to respond to the plaintiff's draft stipulation that was provided to them on January 6, 2004 (notwithstanding telephone calls from plaintiff's counsel on January 13 and January 14), and because of their history of delay and obstruction, plaintiff believes that defendants are once again hoping to stall discovery of their business records. These records were seized over two months ago, and plaintiff has not yet had a meaningful opportunity to review them. Accordingly, plaintiff respectfully asks the Court to enter the proposed form of order attached hereto.

Respectfully submitted,

_____
William J. Leonard
Richard P. Limburg

One Penn Center, 19th Floor
1617 John F. Kennedy Blvd.
Philadelphia, PA  19103-1895
(215) 665-3014

Attorneys for Plaintiff

508171

## CERTIFICATE OF SERVICE

I, RICHARD P. LIMBURG, hereby certify that on this 16nd day of January, 2004, I caused the foregoing motion to be served with exhibits via first-class mail, postage pre-paid, and without exhibits via facsimile on the following:

> Jon M. Adelstein, Esquire
> Adelstein & Laustsen
> The Park Terrace Building
> 275 S. Main Street, Suite 9
> Doylestown, PA 18901
>
> Andrew Teitelman, Esquire
> 12700 Townsend Road
> Philadelphia, PA  19154

_____
RICHARD P. LIMBURG

Dated:  January 16, 2004

508171