# EXHIBIT "A"

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

FL RECEIVABLE TRUST 2002-A

*Plaintiff*

v.

BAGGA ENTERPRISES, INC.; JAMUNA REAL
ESTATE, LLC; UNITED MANAGEMENT SERVICES,
INC.

*Defendants*

**SUBPOENA IN A CIVIL CASE**

CIVIL ACTION NO: 02-CV-2710;
                  02-CV-2711;
                  02-CV-2080;

TO:    Ten Tigers
       11621 Caroline Road
       Philadelphia, PA  19154

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):  See the attached Exhibit "A".

| PLACE | DATE AND TIME |
|---|---|
| OBERMAYER REBMANN MAXWELL & HIPPEL LLP<br>One Penn Center, 19th Floor, 1617 John F. Kennedy Blvd.<br>Philadelphia, PA  19103 | On or before<br>April 7, 2004 |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Attorney for Plaintiff | March 18, 2004 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Dorothy M. Claeys, Esquire
OBERMAYER REBMANN MAXWELL & HIPPEL LLP
One Penn Center, 19th Floor, 1617 John F. Kennedy Blvd.
Philadelphia, PA  19103
(215) 665-3000

523424

AO 88 (Rev. 1/94) Subpoena in a Civil Case

---

## PROOF OF SERVICE

| | DATE 3/19/04 | PLACE 12700 Townsend Rd |
|---|---|---|
| SERVED | (Attorney) Tietleman | By Hand |

| | |
|---|---|
| SERVED ON (PRINT NAME) | MANNER OF SERVICE |

| SERVED BY (PRINT NAME) John Riley | TITLE Process Server |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on ___3/19/04___
                DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c)    PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1)  A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena.  The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A)    A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B)    Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises.  If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued.  If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production.  Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A)    On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person,

except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B)    If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d)    DUTIES IN RESPONDING TO SUBPOENA.

(1)  A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2)  When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## EXHIBIT "A"

1.      Any and all documents related to any payments of money or other

transfers of property to you from: (a) United Management Services, Inc.; (b) Bagga

Enterprises, Inc.; (c) Jamuna Real Estate, LLC; (d) Welcome Group, Inc.; (e) Paul

Bagga; (f) Khushvinder Bagga; or (g)  American Merchandising, Inc. during the period

9/1/00 to the present.

2.      Any and all records related to any property in your possession that belongs

to:  (a) United Management Services, Inc.; (b) Bagga  Enterprises, Inc.; (c) Jamuna

Real Estate, LLC;  (d) Welcome Group, Inc.;  (e) Paul Bagga;  (f) Khushvinder Bagga;

or  (g) American Merchandising, Inc. during the period  9/1/00 to the present.

3.      Any and all Records related to any debts you owe to: (a) United

Management Services, Inc.; (b) Bagga  Enterprises, Inc.; (c)  Jamuna  Real Estate, LLC;

(d) Welcome Group, Inc.;  (e) Paul Bagga;  (f) Khushvinder Bagga; or  (g)  American

Merchandising, Inc. during the period 9/1/00 to the present.

523424

# EXHIBIT "B"

# Buchanan Ingersoll PC
ATTORNEYS

1835 Market Street, 14th Floor
Philadelphia, PA  19103-2985

T  215 665 8700
F  215 665 8760
www.buchananingersoll.com

**Eliot G. Long**
(215) 665-3826
longeg@bipc.com

March 30, 2004

Dorothy M. Claeys, Esquire
Obermayer Rebmann Maxwell & Hippel LLP
One Penn Center, 19th Floor
1617 John F. Kennedy Boulevard
Philadelphia, PA  19103-1895

> Re:    FL Receivables Trust 2002-A v. Bagga Enters., et al., U.S.D.C.,
>        <u>E.D. Pa., Civil Action Nos. 02-CV-2710, 02-CV-2711 and 02-CV-2080</u>

Dear Ms. Claeys:

I have received the subpoenas you have purported to serve on my clients Sant Properties, HB Properties, and Hardeep Chawla (collectively, the "Sant Parties"). Pursuant to Rule 45 of the Federal Rules of Civil Procedure, the Sant Parties object to the subpoenas as follows:

## General Objections and Reservations

1.      The Sant Parties object to the subpoenas in their entirety on the grounds that they are designed solely to circumvent the requirements of Rule 26(d) and (f) of the Federal Rules of Civil Procedure by impermissibly seeking discovery that may be relevant, if at all, only to the litigation captioned *FL Receivables Trust 2002-A v. Paul Bagga, et al.*, E.D. Pa. Civ. No. 03-5108, in which no Rule 26(f) conference has been conducted.

2.      The Sant Parties object to the subpoenas to the extent that they are not narrowly tailored so as to avoid imposing undue burden or expense on the Sant Parties as required by Rule 45(c)(1) of the Federal Rule of Civil Procedure.

3.      The Sant Parties object to the subpoenas because the times specified for a response are inadequate.

4.      The Sant Parties object to the subpoenas to the extent that they seek information that is outside of the discovery requirements imposed upon the Sant Parties by the Federal Rules of Civil Procedure.

5.      The Sant Parties object to the subpoenas to the extent that they seek information that is neither relevant to the subject matter of the litigation nor reasonably calculated to lead to the discovery of admissible evidence.

Dorothy M. Claeys, Esquire
March 30, 2004
Page - 2 -

6.  The Sant Parties object to the subpoenas because the burden and expense that complying with the subpoenas would impose on the Sant Parties greatly exceed and far outweigh any value to the plaintiff in obtaining the requested documents from the Sant Parties.

7.  The Sant Parties object to each request to the extent it seeks information protected from discovery by the attorney-client privilege, the work product doctrine, or any other applicable discovery privilege, protection or exemption.

8.  The Sant Parties object to the subpoenas to the extent that they seek information that contains trade secrets, proprietary commercial information or other confidential information protected by constitutional, statutory or common law rights of privacy, or information subject to a confidentiality agreement between the Sant Parties and any other person or entity.

9.  The Sant Parties object to the subpoenas to the extent that they seeks information not within the Sant Parties' possession, custody or control.

10.  The Sant Parties objects to the subpoenas to the extent that they seeks information that already is in the possession, custody or control of the parties to the litigation.

11.  The Sant Parties object to the subpoenas to the extent that they seek information that may be more conveniently, less burdensomely, or less expensively obtained from another source.

12.  The Sant Parties reserve the right to:  (a) object on any ground to the use of the documents that are produced in any proceeding in the litigation or in any other action; (b) object on any ground to other discovery requests that involve or relate to the subject matter of the subpoenas; and (c) revise, correct, supplement or clarify any of the specific responses set forth herein.

13.  The Sant Parties reserve the right to redact portions of documents to excise information protected from discovery by the attorney-client privilege, the work product doctrine, the party communication privilege, the joint defense privilege, the consulting expert exemption or any other applicable discovery privilege or exemption.  The inadvertent production of a privileged or otherwise protected document shall not be deemed to waive the privilege or protection with respect to that document or any other document.

14.  As a condition of producing any documents in response to the subpoenas (but without agreeing to do so), the Sant Parties reserve the right to insist on plaintiff's agreement,

Dorothy M. Claeys, Esquire
March 30, 2004
Page - 3 -

in advance, to reimburse the Sant Parties in full for all costs, including but not limited to attorneys' fees, incurred in gathering and producing information or documents in response, or in otherwise responding, to the subpoenas.

15.    These General Objections and Conditions are incorporated into each response to the specific requests for production set forth below. Specific objections to a particular request do not constitute and shall not be construed as a waiver of any general objections to that request.

## Objections to Specific Requests

### Request No. 1:

Any and all documents related to any payments of money or other transfers of property to you from: (a) United Management Services, Inc.; (b) Bagga Enterprises, Inc.; (c) Jamuna Real Estate, LLC; (d) Welcome Group, Inc.; (e) Paul Bagga; (f) Khushvinder Bagga; or (g) American Merchandising, Inc. during the period 9/1/00 to the present.

### Response:

In addition to their general objections, the Sant Parties object to this request on the grounds that it is overbroad, unduly burdensome, and seeks information that is neither relevant to the subject matter of the litigation nor reasonably likely to lead to the discovery of admissible evidence. The Sant Parties further object to this request on the grounds that it is designed solely to circumvent the requirements of Rule 26(d) and (f) of the Federal Rules of Civil Procedure by impermissibly seeking discovery that may be relevant, if at all, only to the litigation captioned *FL Receivables Trust 2002-A v. Paul Bagga, et al.*, E.D. Pa. Civ. No. 03-5108, in which no Rule 26(f) conference has been conducted.

### Request No. 2:

Any and all records related to any property in your possession that belongs to: (a) United Management Services, Inc.; (b) Bagga Enterprises, Inc.; (c) Jamuna Real Estate, LLC; (d) Welcome Group, Inc.; (e) Paul Bagga; (f) Khushvinder Bagga; or (g) American Merchandising, Inc. during the period 9/1/00 to the present.

### Response:

In addition to their general objections, the Sant Parties object to this request on the grounds that it is overbroad, unduly burdensome, and seeks information that is neither

Dorothy M. Claeys, Esquire
March 30, 2004
Page - 4 -

relevant to the subject matter of the litigation nor reasonably likely to lead to the discovery of admissible evidence. The Sant Parties further object to this request on the grounds that it is designed solely to circumvent the requirements of Rule 26(d) and (f) of the Federal Rules of Civil Procedure by impermissibly seeking discovery that may be relevant, if at all, only to the litigation captioned *FL Receivables Trust 2002-A v. Paul Bagga, et al.*, E.D. Pa. Civ. No. 03-5108, in which no Rule 26(f) conference has been conducted. The Sant Parties further object to this request on the grounds that it is vague and ambiguous.

**Request No. 3:**

Any and all Records [sic] related to any debts you owe to: (a) United Management Services, Inc.; (b) Bagga Enterprises, Inc.; (c) Jamuna Real Estate, LLC; (d) Welcome Group, Inc.; (e) Paul Bagga; (f) Khushvinder Bagga; or (g) American Merchandising, Inc. during the period 9/1/00 to the present.

**Response:**

In addition to their general objections, the Sant Parties object to this request on the grounds that it is overbroad, unduly burdensome, and seeks information that is neither relevant to the subject matter of the litigation nor reasonably likely to lead to the discovery of admissible evidence. The Sant Parties further object to this request on the grounds that it is designed solely to circumvent the requirements of Rule 26(d) and (f) of the Federal Rules of Civil Procedure by impermissibly seeking discovery that may be relevant, if at all, only to the litigation captioned *FL Receivables Trust 2002-A v. Paul Bagga, et al.*, E.D. Pa. Civ. No. 03-5108, in which no Rule 26(f) conference has been conducted. The Sant Parties further object to this request on the grounds that it is vague and ambiguous.

Please call me if you would like to discuss the foregoing.

Very truly yours,

Eliot G. Long

# EXHIBIT "C"

LAW OFFICES OF

# ANDREW TEITELMAN
### ATTORNEY AT LAW

April 7, 2004

*VIA FACSIMILE – 215.665.3165*
Dorothy M. Claeys, Esquire
Obermayer Rebmann Maxwell & Hippel LLP
One Penn Center, 19th Floor
1617 John F. Kennedy Boulevard
Philadelphia, PA  19103-1895

       Re:    ***FL Receivables Trust 2002-A v. Bagga Enters., et al.,***
               U.S.D.C., E.D. Pa., Civil Action Nos. 02-CV-2710, 02-CV-2711 and 02-CV-2080

Dear Ms. Claeys:

This is in reference to the subpoenas you have served on my clients SJM Trading, Ten Tigers, World apparel Products Company, Inc., (incorrectly designated as "World Apparel Products, Inc."), and Ravinder Chawla (collectively, the "World Apparel Defendants"). Pursuant to Rule 45 of the Federal Rules of Civil Procedure, the World Apparel Defendants object to the subpoenas as follows:

### General Objections and Reservations

1.  The World Apparel Defendants object to the subpoenas in their entirety on the grounds that they are designed solely to circumvent the requirements of Rule 26(d) and (f) of the Federal Rules of Civil Procedure by impermissibly seeking discovery that may be relevant, if at all, only to the litigation captioned *FL Receivables Trust 2002-A v. Paul Bagga, et al.*, E.D. Pa. Civ. No. 03-5108, in which no Rule 26(f) conference has been conducted.

2.  The World Apparel Defendants object to the subpoenas to the extent that they are not narrowly tailored so as to avoid imposing undue burden or expense on the World Apparel Defendants as required by Rule 45(c)(1) of the Federal Rule of Civil Procedure.

3.  The World Apparel Defendants object to the subpoenas because the times specified for a response are inadequate.

4.  The World Apparel Defendants object to the subpoenas to the extent that they seek information that is outside of the discovery requirements imposed upon the World Apparel Defendants by the Federal Rules of Civil Procedure.

5.  The World Apparel Defendants object to the subpoenas to the extent that they seek information that is neither relevant to the subject matter of the litigation from which the subpoenas issued nor reasonably calculated to lead to the discovery of admissible evidence.

6.  The World Apparel Defendants object to the subpoenas because the burden and expense that complying with the subpoenas would impose on the World Apparel Defendants greatly exceed and

Dorothy M. Claeys, Esquire
Re: *FL Receivables Trust 2002-A v. Bagga Enters., et al.*
April 7, 2004
Page 2

far outweigh any value to the plaintiff in obtaining the requested documents from the World Apparel
Defendants.

      7.     The World Apparel Defendants object to each request to the extent it seeks information
protected from discovery by the attorney-client privilege, the work product doctrine, or any other
applicable discovery privilege, protection or exemption.

      8.     The World Apparel Defendants object to the subpoenas to the extent that they seek
information that contains trade secrets, proprietary commercial information or other confidential
information protected by constitutional, statutory or common law rights of privacy, or information
subject to a confidentiality agreement between the World Apparel Defendants and any other person or
entity.

      9.     The World Apparel Defendants object to the subpoenas to the extent that they seek
information not within the World Apparel Defendants' possession, custody or control.

      10.     The World Apparel Defendants objects to the subpoenas to the extent that they seek
information that already is in the possession, custody or control of the parties to the litigation.

      11.     The World Apparel Defendants object to the subpoenas to the extent that they seek
information that may be more conveniently, less burdensomely, or less expensively obtained from
another source.

      12.     The World Apparel Defendants reserve the right to: (a) object on any ground to the use
of the documents that are produced in any proceeding in the litigation or in any other action; (b) object
on any ground to other discovery requests that involve or relate to the subject matter of the subpoenas;
and (c) revise, correct, supplement or clarify any of the specific responses set forth herein.

      13.     The World Apparel Defendants reserve the right to redact portions of documents to
excise information protected from discovery by the attorney-client privilege, the work product
doctrine, the party communication privilege, the joint defense privilege, the consulting expert
exemption or any other applicable discovery privilege or exemption. The inadvertent production of a
privileged or otherwise protected document shall not be deemed to waive the privilege or protection
with respect to that document or any other document.

      14.     As a condition of producing any documents in response to the subpoenas (but without
agreeing to do so), the World Apparel Defendants reserve the right to insist on plaintiff's agreement, in
advance, to reimburse the World Apparel Defendants in full for all costs, including but not limited to
attorneys' fees, incurred in gathering and producing information or documents in response, or in
otherwise responding, to the subpoenas.

      15.     These General Objections and Conditions are incorporated into each response to the
specific requests for production set forth below. Specific objections to a particular request do not
constitute and shall not be construed as a waiver of any general objections to that request.

Dorothy M. Claeys, Esquire
Re: *FL Receivables Trust 2002-A v. Bagga Enters., et al.*
April 7, 2004
Page 3

## Objections to Specific Requests

### Request No. 1:

Any and all documents related to any payments of money or other transfers of property to you from: (a) United Management Services, Inc.; (b) Bagga Enterprises, Inc.; (c) Jamuna Real Estate, LLC; (d) Welcome Group, Inc.; (e) Paul Bagga; (f) Khushvinder Bagga; or (g) American Merchandising, Inc. during the period 9/1/00 to the present.

### Response:

In addition to their general objections, the World Apparel Defendants object to this request on the grounds that it is overbroad, unduly burdensome, and seeks information that is neither relevant to the subject matter of the litigation nor reasonably likely to lead to the discovery of admissible evidence. The World Apparel Defendants further object to this request on the grounds that it is designed solely to circumvent the requirements of Rule 26(d) and (f) of the Federal Rules of Civil Procedure by impermissibly seeking discovery that may be relevant, if at all, only to the litigation captioned *FL Receivables Trust 2002-A v. Paul Bagga, et al.*, E.D. Pa. Civ. No. 03-5108, in which no Rule 26(f) conference has been conducted.

### Request No. 2:

Any and all records related to any property in your possession that belongs to: (a) United Management Services, Inc.; (b) Bagga Enterprises, Inc.; (c) Jamuna Real Estate, LLC; (d) Welcome Group, Inc.; (e) Paul Bagga; (f) Khushvinder Bagga; or (g) American Merchandising, Inc. during the period 9/1/00 to the present.

### Response:

In addition to their general objections, the World Apparel Defendants object to this request on the grounds that it is overbroad, unduly burdensome, and seeks information that is neither relevant to the subject matter of the litigation nor reasonably likely to lead to the discovery of admissible evidence. The World Apparel Defendants further object to this request on the grounds that it is designed solely to circumvent the requirements of Rule 26(d) and (f) of the Federal Rules of Civil Procedure by impermissibly seeking discovery that may be relevant, if at all, only to the litigation captioned *FL Receivables Trust 2002-A v. Paul Bagga, et al.*, E.D. Pa. Civ. No. 03-5108, in which no Rule 26(f) conference has been conducted. The World Apparel Defendants further object to this request on the grounds that it is vague and ambiguous. However, without limiting or waiving the foregoing objections or any other objection which the World Apparel Defendants may have to this request, the World Apparel Defendants do not know of any such property belonging to any of the named persons or entities which is in their possession or control.

Dorothy M. Claeys, Esquire
Re: *FL Receivables Trust 2002-A v. Bagga Enters., et al.*
April 7, 2004
Page 4

## Request No. 3:

Any and all Records [sic] related to any debts you owe to: (a) United Management Services, Inc.; (b) Bagga Enterprises, Inc.; (c) Jamuna Real Estate, LLC; (d) Welcome Group, Inc.; (e) Paul Bagga; (f) Khushvinder Bagga; or (g) American Merchandising, Inc. during the period 9/1/00 to the present.

## Response:

In addition to their general objections, the World Apparel Defendants object to this request on the grounds that it is overbroad, unduly burdensome, and seeks information that is neither relevant to the subject matter of the litigation nor reasonably likely to lead to the discovery of admissible evidence. The World Apparel Defendants further object to this request on the grounds that it is designed solely to circumvent the requirements of Rule 26(d) and (f) of the Federal Rules of Civil Procedure by impermissibly seeking discovery that may be relevant, if at all, only to the litigation captioned *FL Receivables Trust 2002-A v. Paul Bagga, et al.*, E.D. Pa. Civ. No. 03-5108, in which no Rule 26(f) conference has been conducted. The World Apparel Defendants further object to this request on the grounds that it is vague and ambiguous. However, without limiting or waiving the foregoing objections or any other objection which the World Apparel Defendants may have to this request, the World Apparel Defendants point out that plaintiff is well aware of the judgment entered against World Apparel Products Co., Inc., in the Philadelphia Court of Common Pleas by American Merchandising, Inc., at docket No. 0104-00620.

Kindly contact me if you wish to discuss the foregoing.

Very truly yours,

ANDREW TEITELMAN

AT/s
cc.   Eliot G. Long, Esquire, *via facsimile – 215.665.8700*
      Jon M. Adelstein, Esquire, *via facsimile – 215.230.4251*



```
                    ********************
                    ***  RX REPORT  ***
                    ********************


        RECEPTION OK

        TX/RX NO               9871
        CONNECTION TEL
        SUBADDRESS
        CONNECTION ID
        ST. TIME            04/07 11:14
        USAGE T             01'10
        PGS.                   4
        RESULT              OK
```